THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   LINH WANG,

CASE NO. C24-0447-JCC

10              Plaintiff,

ORDER

11      v.

12   ESURANCE INSURANCE COMPANY,

13              Defendant.

14

15

16         This matter comes before the Court on Defendant's motion to compel production of

17   documents from third-parties Marty Rall and Rall & Ortiz, LLC (hereinafter "Rall") (Dkt. No.

18   21). Having thoroughly considered the briefing and relevant record, the Court hereby GRANTS

19   the motion for the reasons described herein.

20   **I.      BACKGROUND**

21         This case arises out of a separate tort lawsuit filed in Snohomish County Superior Court,

22   case number 20-2-04109-31 (hereinafter the "Underlying Lawsuit"). (Dkt. No. 21 at 2.) The

23   Underlying Lawsuit arose out of a two-vehicle accident that occurred on August 25, 2017

24   (hereinafter the "Accident"). (*Id*.) Plaintiff was a passenger in one of the vehicles; her husband,

25   Celso Wang (hereinafter the "Husband"), was the driver. (*Id*.) Plaintiff sustained injuries and

26   thus pursued litigation against her Husband and the driver of the other vehicle. (*Id*.) At the time,

ORDER
C24-0447-JCC
PAGE - 1

1    Plaintiff was insured through a policy issued by Defendant, which included coverage for an

2    underinsured motorist. (Dkt. Nos. 1-2 at 3, 13 at 2.) In turn, Defendant retained Rall to represent

3    the Husband in the Underlying Lawsuit. (Dkt. No. 21 at 2.) That Underlying Lawsuit ultimately

4    resulted in a settlement. (*Id*.) Then, on February 14, 2024, Plaintiff filed the present action in

5    state court for various extracontractual claims. (*Id*.; *see also* Dkt. No. 1-2 at 17–25.) Defendant

6    removed to this Court. (Dkt. No. 1.) The Parties are now in the midst of discovery.

7          This particular discovery dispute arises out of Defendant's subpoena *duces tecum* to Rall.

8    (Dkt. No. 21 at 1.) In it, Defendant seeks all relevant and non-privileged materials within Rall's

9    possession or control related to Plaintiff and/or her Husband for any claims regarding the

10   Accident. (*See id.*; *see also* Dkt. No. 22-2) (subpoena at issue). Defendant served its subpoena on

11   August 8, 2024. (Dkt. No. 21 at 1.) Since then, Rall has only provided Defendant with a copy of

12   Plaintiff's medical records, and nothing more. (*See id*. at 3.) Defendant has even granted Rall

13   several extensions to comply with the subpoena or provide an explanation as to why compliance

14   is not possible—all to no avail. (*See id*. at 2–4.) Even after retaining counsel for this limited

15   scope discovery dispute, Rall still has not provided a fulsome response to the subpoena. (*See id*.

16   at 3–4.) Defendant thus brings its motion to compel. (*See generally id*.)

17   **II.    DISCUSSION**

18         As the Court so often states, it strongly disfavors discovery motions and prefers that

19   parties resolve such disputes on their own. *See, e.g., Larson Motors Inc. v. Gen. Motors LLC*,

20   2023 WL 346623, slip op. at 1 (W.D. Wash. 2023); *PCF Ins. Serv. Of the West, LLC v. Fritts*,

21   2024 WL 3966735, slip op. at 1 (W.D. Wash. 2024).

22         Nevertheless, the Court recognizes the importance of discovery to the litigation process.

23   Indeed, "the Federal Rules of Civil Procedure strongly favor full discovery." *Exxon Shipping Co.*

24   *v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994). As such, they entitle a party to

25   discover non-privileged information that is (1) relevant to any party's claims or defenses and (2)

26   proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). This, of course, includes discovery

ORDER
C24-0447-JCC
PAGE - 2

1   by subpoena. *Id.* 45(3). Relevant information need not be admissible, but it must be reasonably

2   calculated to lead to the discovery of admissible evidence. *Id*. 26(b)(1); *see Surfvivor Media, Inc.*

3   *v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). A party responding to the discovery

4   request may then, amongst other options, submit objections to the request. *See* Fed. R. Civ. P.

5   45(d)(1)(B), (d)(3). Proper objections include irrelevance, *see id*. at 26(b)(1), unreasonable

6   amount of time to comply, invasion of privilege, or undue burden, *see id*. at 45(d)(3)(A). A party

7   who fails to timely object thereby waives any objection to the subpoena, absent "unusual

8   circumstances and for good cause." *Uzzell v. Teletech Holdings, Inc.*, 2007 WL 4358315, slip op.

9   at 1–2 (W.D. Wash. 2007).

10          If a party inappropriately withholds or fails to answer a discovery request, the requesting

11   party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1); *David v. Hooker,*

12   *Ltd.*, 560 F.2d 412, 418 (9th Cir. 1977). The movant must demonstrate that "the information it

13   seeks is relevant and that the responding party's objections lack merit." *Hancock v. Aetna Life*

14   *Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017). The Court then has broad discretion to decide

15   whether to compel discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

16          Rall does not object to the subpoena based on relevance, privilege, undue burden, or the

17   like. In fact, it seems that Rall never submitted *any* objections. (*See* Dkt. No. 21 at 3–4.) Instead,

18   Rall's justification for noncompliance is that it has not received the Husband's express consent to

19   disclose the file related to his case. (*Id.*) Indeed, Rall argues that Washington Rules of

20   Professional Conduct ("RPC") 1.15A and 1.15B preclude it from releasing the Husband's file

21   without his express consent. (*Id.* at 1.) But those rules only govern an attorney's duties to

22   safeguard client *property*—items such as trusts, real estate, and deeds or wills related thereto. *See*

23   *generally* Washington RPC 1.15A ("Safeguarding Property") and 1.15B ("Required Trust

24   Account Records"). That is, those rules govern an attorney's duties to protect items that

25   generally give rise to or represent the ultimate culmination of an attorney's representation. They

26   do not apply to items that primarily serve as a record of the attorney's representation, such as the

ORDER
C24-0447-JCC
PAGE - 3

1   client file at issue here. And, even if they did, the specific authority to which Rall cites is only a

2   "best practice," not a bright-line rule. (*See* Dkt. No. 23 at 1) (citing Appendix A, "Best Practices

3   for Client File Retention").

4       Of course, the Court appreciates that, out of an abundance of caution, it is preferable to

5   have the client's express consent before producing information about their case. Nevertheless,

6   mere lack of consent, without more, is not a proper objection to a subpoena that is otherwise

7   reasonable and seeks relevant, non-privileged information. *See* Fed. R. Civ. P. 26(b)(1) and

8   45(d)(3) (laying out various grounds for objection); *see also Burlington N. & Santa Fe Ry. Co. v.*

9   *U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (in the context of privilege

10  objections, the court ruled that "boilerplate objections or blanket refusals . . . to a Rule 34 request

11  for production of documents are insufficient to assert a privilege"). And it is certainly not a valid

12  justification for the lack of *any* response. *See id.*; *see also* Fed. R. Civ. P. 45(g) (failure to

13  respond to a subpoena, or at least provide an adequate excuse for failure to respond, may result

14  in a contempt order from the district court). In short, Rall's "objection" (to the extent it may be

15  considered one) lacks merit.

16      Finally, both parties otherwise appear to agree that Defendant's request for production is

17  reasonable and seeks relevant information. Rall even admitted as much. (Dkt. No. 23 at 2) ("Rall

18  is not otherwise opposed to [Defendant's] motion"). As such, there does not even seem to be a

19  true discovery dispute here.

20  **III.    CONCLUSION**

21      The Court therefore GRANTS Defendant's motion to compel (Dkt. No. 21).[1]

22  //

23  //

24  //

25

26  [1] The Court also DENIES Defendant's request to strike Rall's untimely response. (*See* Dkt. No. 25 at 1) (request to strike). Though Rall's response was indeed untimely pursuant to Local Civil Rule 7(d)(3), it also informed the Court that there was, in fact, no real discovery dispute.

1    DATED this 21st day of January 2025.

2

3

4
_____
5    John C. Coughenour
     UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C24-0447-JCC
PAGE - 5