THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINH WANG, | CASE NO. C24-0447-JCC |
| Plaintiff, | ORDER |
| v. | |
| ESURANCE INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for reconsideration (Dkt. No. 66) of the Court's order granting Plaintiff's motion to compel (Dkt. No. 50), along with the parties' submissions as to Rule 37(a)(5)(A) expenses (Dkt. Nos. 81, 92). As described herein, the motion for reconsideration (Dkt. No. 66) is GRANTED in part and DENIED in part, and $5,935 in expenses in bringing the motion to compel (Dkt. No. 50) is awarded to Plaintiff.

Regarding the reconsideration motion (Dkt. No. 66), Defendant asserts it has produced all materials in its care, custody, and control responsive to Plaintiff's discovery requests. (*See generally id.*) Thus, Defendant seeks clarification on what remains. (*See generally id.*) Defendant since produced the certification at issue in Plaintiff's motion (Dkt. No. 50). (*See* Dkt. No. 77 at 5.) The remainder (training information and manuals along with Toolkit information), which are outstanding, are addressed below.

1    As to training information and manuals, the Court ordered Defendant to produce "all
2    claims manuals, reference materials, training materials, and *complete* training logs as specified in
3    Plaintiff's requests (Dkt. No. 50 at 4–7)." (Dkt. No. 59 at 7) (emphasis added). Defendant
4    contends that (1) it already produced training logs for its adjusters, supervisors, and the manager
5    involved in Plaintiff's insurance claim; (2) it need not produce training materials, *i.e.*, "learning
6    modules," unrelated to UIM claim adjusting or handling, or materials considered by its
7    employees after Plaintiff's UIM arbitration demand of August 16, 2022; and (3) it already
8    produced all *relevant* claims handling manuals and that has no UIM-specific manuals. (Dkt. No.
9    76 at 2–3; *see* Dkt. Nos. 67 at 2, 78 at 1–2.)

First, regarding the training logs, Plaintiff points out that what Defendant's produced to date still lacks information on certain employee training activities engaged in prior to 2022. (Dkt. No. 74 at 2.) Yet their claim investigation began in 2017. (*Id.*) Thus, **training logs produced must include activities from 2017 (or upon later hire) through August 16, 2022.**[1] Second, regarding training material, because the burden of production is low, and given Defendant's recalcitrance to date in producing discoverable information, the Court errs on the side of production. *See, e.g., GTE Directories Serv., Corp. v. P. Bell Directory*, 135 F.R.D. 187, 192 (N.D. Cal. 1991); *Clinton v. California Dept. of Corrections*, 2009 WL 1617811, slip op. at 1 (E.D. Cal. 2009). Thus, **all material(s) referenced in produced training logs must be produced, irrespective of whether the material seemingly relates to UIM/UM claims**. Third, regarding claims manuals, Plaintiff notes that Defendant did finally produce a "Casualty Claims Handling Manual" but not referenced materials, including a "'Claim Operations Manual, Claim Bulletins, and Knowledge Library,'" along with superseded claim handling manuals including the "'Claim Policies, Practices, and Procedures (C-PPP) Manual,' the 'Bodily Injury Adjusting Manual,' the 'Adjuster's Casebook Manual,' 'Claim Core Process Redesign (CCPR) implementation and training manuals,' 'subsequent Claim Core Process Redesign (CCPR)

---

[1] The Court declines Defendant's request for *in camera* review of such logs, (Dkt. No. 76 at 3), as all are subject to the current protective order. (*See* Dkt. No. 19 at 2–3.)

ORDER
C24-0447-JCC
PAGE - 2

manuals' and 'Next Gen manuals.'" (Dkt. No. 74 at 4; *see* Dkt. No. 75 at 2–3.) **These materials must also be produced** (to the extent not yet produced[2]).

As to third-party Toolkit materials, the Court ordered Defendant to "request permission from 'Toolkit' to produce the relevant materials, and then produce those materials if granted permission." (Dkt. No. 59 at 7.) Instead, Defendant reiterates its position that Toolkit is a third-party website containing "various statutes, regulations, forms, etc. [sic] from most, if not all, states to assist claim handlers in accessing third-party information." (Dkt. No. 76 at 4.) But this does not absolve Defendant of its obligation pursuant to the Court's order. To be clear, relevant materials contained in Toolkit information are those accessible and available to Defendant and its employees *while adjusting and/or otherwise handling Plaintiff's insurance claim*. It is not clear from Defendant's submissions whether the information produced to date satisfies this requirement. (*See* Dkt. Nos. 67 at 2, 68 at 5–8.) Thus, **Plaintiff must affirmatively request this information from Toolkit (if it does not presently possess it) and then produce it or provide documentation demonstrating that Toolkit is unwilling or unable to provide such information to Plaintiff.**

Finally, regarding attorney fees, (*see* Dkt. Nos. 81, 92), the Court finds Defendant's conduct here not substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A). It further finds Plaintiff's fees, $5,935.00, reasonable. (*See* Dkt. No. 80 at 4); *see, e.g.*, *Hoglund v. Sher-Ber, Inc.*, 2008 WL 5427793, slip op. at 2 (W.D. Wash. 2008) (awarding Rule 37(a)(5)(A) fees based on work spent "preparing the motion to compel, the supporting declaration, and the proposed order."). Nevertheless, the Court finds no basis to award amounts to a charitable organization (rather than to Plaintiff).

Accordingly, Defendant is ORDERED to complete the production referenced above within ten (10) days and remit the attorney fees noted above to Plaintiff within 30 days.

//

---

[2] On reply, Defendant points out some of these materials have been produced. (*See* Dkt. Nos. 67 at 2; 76 at 3.)

ORDER
C24-0447-JCC
PAGE - 3

DATED this 10th day of September 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE