THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINH WANG,<br><br>              Plaintiff,<br><br>   v.<br><br>ESURANCE INSURANCE COMPANY,<br><br>              Defendant. | CASE NO. C24-0447-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to exclude Defendant's expert witnesses Lola Hogan and Ting Ting Zhou, M.D. (Dkt. No. 60). Having thoroughly considered the briefing and relevant record, the Court GRANTS the motion with respect to Ms. Hogan and DENIES the motion with respect to Dr. Zhou for the reasons explained herein.

The Court described the facts of this case in a prior order, (*see generally* Dkt. No. 44), but will briefly summarize the relevant background here. Plaintiff, who was injured in an auto accident, alleges that Defendant unreasonably adjusted Plaintiff's uninsured/underinsured motorist ("UIM") claim. (*See generally* Dkt. No. 1-2.) Plaintiff asserts causes of action for negligence, breach of contract, and bad faith, as well as those for violations of Washington's Insurance Fair Conduct Act ("IFCA") and Consumer Protection Act ("CPA"). (*See id.* at 17–24.)

In support of its briefing on cross-motions for summary judgment, Defendant presents an

opinion from Ms. Hogan, an insurance industry expert, and Dr. Zhou, a medical expert. (Dkt. No. 61-1 at 1–2.) Plaintiff moves to exclude both, arguing that Ms. Hogan inappropriately opines as to ultimate issues and Dr. Zhou's opinion is irrelevant to the finder of fact, as her opinion was not available to Defendant when investigating Plaintiff's insurance claim. (*See generally* Dkt. No. 60.) Plaintiff further points out that Ms. Hogan "fails to identify any basis in industry custom, standard, or practice" for her opinion(s) and, as such "[t]here is no foundation for her opinions." (*Id.* at 11.)

In general, expert testimony is available to assist the trier of fact to understand the evidence or to determine a fact at issue. Fed. R. Evid. 702(a). And such testimony is to be liberally admitted under the Federal Rules of Evidence. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 587 (1993). Fundamentally, an expert's opinion must be relevant in assisting the finder of fact as to the ultimate issue. *See, e.g.*, *Schudel v. Gen. Elec. Co.*, 120 F.3d 991, 996 (9th Cir. 1997) (describing *Daubert's* reliability and relevancy requirements). Nevertheless, it cannot answer an ultimate legal question (although it may "embrace" an ultimate issue—as permitted by Rule 704). *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004).

Starting with Ms. Hogan, Defendant relies on her opinions that it (a) complied with IFCA and (b) managed Plaintiff's claim reasonably and in good faith. (*See* Dkt. No. 61-2 at 18–19.) Again, Plaintiff argues that this testimony is inconsistent with Rule 702 and should be excluded. (*See* Dkt. No. 60 at 7.) Defendant responds that Ms. Hogan's testimony complies with the Rule because it simply discusses industry standards and whether Defendant's conduct was consistent with such standards. (*See* Dkt. No. 82 at 4–5.) That response is unavailing.

Ms. Hogan's testimony overwhelmingly consists of legal conclusions—not a discussion and application of relevant standards. (*See* Dkt. No. 61-2 at 15–19.) In fact, her testimony fails to articulate what those industry standards are in the first place. Rather, Ms. Hogan simply states that the applicable industry standards "offer more detailed discussions and explanations of what is encompassed by unfair claims practices regulations." (Dkt. No. 83 at 24.) What is missing, of

course, is a discussion and explanation of *those standards*. *See Dentists Ins. Co. v. Yousefian*, 2023 WL 4106220, slip op. at 7 (W.D. Wash. 2023) (finding as conclusory an opinion that a custom complied with an industry standard when the expert "fails to identify" what that standard is).

Moreover, "[a]n expert witness cannot give an opinion . . . on an ultimate issue of law." *Vorhees v. Esurance Ins. Servs.*, 2024 WL 1972899, slip op. at 3 (W.D. Wash. 2024) (citing *Hangarter*, 373 F.3d at 1016) (cautioning a UIM plaintiff that an expert cannot opine as to the IFCA violation itself). In the instant case, Ms. Hogan summarily opined that there "was no IFCA violation." (Dkt. No. 60-2 at 6.) But of course, this is an ultimate issue. (*See* Dkt. No. 1-2 at 21.) Similarly, expert witnesses may not "opine on the reasonableness"[1] of an insurer's action where a plaintiff's "extra-contractual claims rest[] on the question of whether [the insurer] acted reasonably with respect to the UIM claim." *Liu v. State Farm Mut. Auto. Ins. Co.*, 2021 WL 717540, at 3–4 (W.D. Wash. 2021) (citing *Hangarter*, 373 F.3d at 1016.) Here, Plaintiff relies on IFCA, the CPA, and WAC 284-30-330 for some of its extra-contractual claims. (*See* Dkt. No 1-2 at 17–23.) Moreover, Plaintiff necessarily relies on the notion of reasonableness for its negligence claim. (*Id.*) Therefore, by implication, an ultimate issue for each is whether Defendant *behaved reasonably*. As such, Ms. Hogan opining on the reasonableness of

---

[1] In some instances, an expert is forced to refer to the legal standard if there is no alternative to explaining the subject to the jury. *United States v. Diaz*, 876 F.3d 1194, 1198–99 (9th Cir. 2017). When an expert does so, the terms they use may not have a specialized meaning in law and the expert must not tell the jury "how to apply the law to the facts of the case." *Id.* Considering that premise, a sister court, for example, excluded expert testimony about whether police officers acted reasonably, reasoning that reasonable has "an eminently significant legal connotation" which, if presented in an expert opinion, could invade the province of the jury. *Dold v. Snohomish Cnty.*, 2023 WL 123335, slip op. at 2 (W.D. Wash. 2023). This Court agrees. The narrow avenue laid out by *Diaz* for an expert to give their opinion using a legal standard is not available here, where the legal standard is itself reasonableness, because of the risk of invading the province of the jury.

Defendant's actions is an impermissible legal conclusion. Thus, none of her opinions accord with Rule 702.

Turning to Dr. Zhou, Plaintiff argues that her testimony is prohibited under Rule 702. (Dkt. No. 60 at 12–13.) Plaintiff reasons that because Defendant did not have Dr. Zhou's opinion when adjusting the UIM claim, this testimony is not relevant to the issue of bad faith claims adjusting. *Id.* This reasoning is flawed. The relevant legal standard is what Defendant knew *or should have known* when it adjusted the claim. *See Jin v. GEICO Advantage Ins. Co.*, 700 F. Supp. 3d 988, 992 (W.D. Wash. 2023). And Dr. Zhou almost exclusively based her opinion on medical records existing *before* Defendant adjusted the UIM claim. (*See generally* Dkt. No. 83 at 33–55.) And to the extent Dr. Zhou's testimony relies on subsequent records, they merely add more evidence to the issue of whether Defendant reasonably valued Plaintiff's UIM claim, based on the full breath of her injuries.

For the foregoing reasons, the Court GRANTS Plaintiff's motion (Dkt. No. 60) with respect to Ms. Hogan's testimony and DENIES the motion with respect to Dr. Zhou's testimony.

DATED this 3rd day of October 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE