THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINH WANG,<br><br>        Plaintiff,<br><br>    v.<br><br>ESURANCE INSUANCE COMPANY, *et al.*,<br><br>        Defendants. | CASE NO. C24-0447-JCC<br><br>ORDER |

    This matter comes before the Court on Defendant Esurance Insurance Company's motion for reconsideration of the Court's order excluding Lola Hogan's expert testimony (Dkt. No. 108). The Court did so after concluding that Defendant's briefing (Dkt. No. 82) on Plaintiff's *Daubert* motion (Dkt. No. 60) failed to establish the industry standard(s) Ms. Hogan sought to opine on. (*See* Dkt. No. 106 at 2–4.)

    Now, on reconsideration and for the first time, Defendant provides the Court with Ms. Hogan's deposition testimony. (*See* Dkt. No. 108 at 2–4) (citing Dkt. No. 109 at 8–33). But even this evidence does a poor job in articulating the relevant standard(s), at least in any useful depth. Thus, the relevance of Ms. Hogan's testimony to the finder of fact appears limited. *See* Fed. R. Evid. 702. Regardless, a motion for reconsideration is not the time to reargue a position or present the Court with evidence available previously. LCR 7(h)(1); *see Rulffes v. Macy's W.*

ORDER
C24-0447-JCC
PAGE - 1

*Stores LLC*, 2023 WL 5207356, slip op. at 2 (W.D. Wash. 2023). Fundamentally, in seeking reconsideration, Defendant must demonstrate that the Court committed manifest error or provide it with new facts or legal authority not available earlier with reasonable diligence. *See Wilcox v. Hamilton Constr., LLC*, 426 F. Supp. 3d 788, 792 (W.D. Wash. 2019). Defendant fails to do so.

For this reason, Plaintiff's motion for reconsideration (Dkt. No. 108) is DENIED.

DATED this 21st day of October 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE