THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINH WANG,<br><br>  Plaintiff,<br><br>  v.<br><br>ESURANCE INSURANCE COMPANY, *et al.*,<br><br>  Defendants. | CASE NO. C24-0447-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 111). Such motions are generally disfavored. LCR 7(h)(1). Nevertheless, they are warranted when there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* In this instance, Plaintiff's reconsideration motion demonstrates manifest error. Thus, the Court GRANTS the motion for the reasons described herein.

The issue at hand is the preclusive effect of the arbitrator's ruling, as it relates to certain offsets to Defendant's UIM policy limit. (*See* Dkt. No. 107 at 6–8.) The offset in question is the $15,000 Plaintiff received from State Farm, in settlement of her suit against Ms. Duong. In so ruling that it applied here, the Court focused on the arbitrator's use of the term "amounts received." (*Id.* at 7.) Plaintiff *received* $15,000 from Ms. Duong in settlement of Plaintiff's suit,

thus, the Court concluded that (according to the arbitrator) this amount was available as an offset. (*Id.*) The Court now realizes that its interpretation of the phrasing the arbitrator used was in error. This is because, at the time, the Court failed to understand the import of her reference to amounts "legally available"— as Plaintiff points out in her briefing in support of the instant motion, (*see* Dkt. No. 111 at 3–7)—and as addressed in *Allstate Ins. Co. v. Dejbod*, 818 P.2d 608, 613 (Wash. Ct. App. 1991).

According to *Dejbod,* a settlement payment alone "does not . . . establish that the carrier's insured is liable to the claimant within the meaning of RCW 48.22.030(1)." 818 P.2d at 612. And the arbitrator indicates in no uncertain terms that she relied on *Dejbod's* analysis in issuing her decision. (*See* Dkt. No. 63-48 at 3–4.) Thus, there is nothing "more" than the settlement (which is inadequate under *Dejbod*) to make Ms. Duong's State Farm policy "applicable" within the meaning of RCW 48.22.030(1). *See* 818 P.2d at 612.[1] As no one contested at the time that Mr. Wang was 100% at fault for the collision. (*See* Dkt. No. 42-3, 42-4 at 2.)

Thus, Plaintiff's motion for reconsideration (Dkt. No. 111) is GRANTED.

**As a matter of law**, Ms. Duong's $15,000 settlement may <u>not</u> offset UIM coverage owed. Plaintiff is thus entitled to the full UIM policy limit, $250,000, in satisfaction of the $513,143 arbitration award—not the $238,143 the Court previously determined. (*See* Dkt. No. 107 at 8.)

//
//
//

---

[1] Defendant's arguments in opposition to Plaintiff's reconsideration motion, which focus on (a) the import of its policy language (precluding duplicative payments) and/or (b) Plaintiff's resulting windfall, (*see* Dkt. No. 117 at 3–6), are inapt. That is because they speak to the <u>merits</u> of the arbitrator's decision, rather than its <u>interpretation</u>, which the Court cannot question absent "facial legal error." *Salewski v. Pilchuck Veterinary Hosp., Inc., P.S.*, 359 P.3d 884, 888 (Wash. Ct. App. 2015); *see* RCW 7.04A.230(2), .240(1). And here, the Court sees no such error.

ORDER
C24-0447-JCC
PAGE - 2

DATED this 29th day of October 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE