THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINH WANG, | CASE NO. C24-0447-JCC |
| Plaintiff, | ORDER |
| v. | |
| ESURANCE INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion for sanctions (Dkt. No. 119). Having fully considered the briefing and the relevant record, and finding oral argument unnecessary, the Court DENIES the motion as discussed herein.

The Court has described the relevant facts and procedural history here in prior orders. (*See* Dkt. Nos. 59, 107.) It will not repeat that information again. Presently at issue is Defendant Esurance Insurance Company's compliance with orders compelling the production of claims-handling manuals, reference materials, and training materials. (*See generally* Dkt. Nos. 59, 95.) Plaintiff contends Defendant has willfully failed to comply and should now face Rule 37(b) sanctions. (*See generally* Dkt. No. 119.) But before considering what sanctions should be imposed, the Court must first affirmatively find that Defendant has, indeed, willfully failed to comply. *See*, e.g.*, Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990); *Wyle v. R.J.*

*Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). And the Court cannot make that finding, at least with any certainty. This is because Defendant's explanation(s) regarding what it failed to produce, (*see* Dkt. Nos. 125–128, 132), absent countervailing evidence from Plaintiff, is compelling.

Nevertheless, some of the holes Plaintiff points to in Defendant's production, (*see* Dkt. No. 129 at 3–6), raises concerns. Thus**, the Court reopens discovery for 45 days, beginning today, for the limited purpose of (a) Plaintiff's review of 200 storage boxes referenced in Defendant's response brief**, (*see* Dkt. No. 125 at 10), **along with (b) new or additional deposition testimony from <u>one</u> of the following: Chris Kirby, Martin Klein, or Warren Woolfolk.** That testimony, not to exceed one day, shall be limited to topics regarding the deponent's knowledge of Defendant's claims manuals, training materials, and/or learning courses. If, after reviewing the contents of those boxes and/or the testimony described above, Plaintiff believes Defendant failed to comply with the Court's prior orders (and that failure was not substantially justified), Plaintiff may renew her motion for sanctions.

Accordingly, Plaintiff's motion for sanctions (Dkt. No. 119) is DENIED without prejudice.

DATED this 1st day of December 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C24-0447-JCC
PAGE - 2